FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 MAR 12 PM 1:36
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| PATRICK DAYON BELVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-218 |
| | ) | |
| BURKE COUNTY SHERIFF DEPARTMENT and DISTRICT ATTORNEY OFFICE OF BURKE COUNTY, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Autry State Prison in Pelham, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred in Burke County, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

### I. SCREENING OF THE COMPLAINT

#### A. BACKGROUND

Plaintiff names (1) the Burke County Sheriff['s] Department and (2) the District Attorney['s] Office of Burke County as defendants in his complaint. (Doc. no. 1, pp. 1, 7.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges that on February 25, 2011, he was accused of rape and brought to the Burke County Jail. (Id. at 8.) He spoke with two detectives from the Burke County Sheriff's Department about what happened and even suggested taking a polygraph exam. (Id.) After one of the detectives spoke with "the State Attorney's Office," and confirmed with Plaintiff that he was legally married to his wife, Plaintiff was charged with three counts of incest, presumably because Plaintiff's marital status established a familial relationship between him and the alleged victim. (Id.) Plaintiff was appointed counsel, who informed Plaintiff after speaking with representatives from the State that the alleged victim should be charged with the same crime. (Id. at 8-9.) However, the victim was never charged. (Id. at 9.)

Plaintiff seeks (1) compensatory damages for the time he has spent in prison; (2) "everything dealing with the matter [to] be erased from my records;" (3) that all debts he owes be paid off; (4) a written statement allowing him to see his daughter; and (5) "the facts being stated in the newspaper of the truth." (Id. at 10.) Because Plaintiff is currently incarcerated in state prison, requests compensation for the time he has spent in prison related to this matter, and wishes for this matter to be erased from his records, the record supports the conclusion that Plaintiff has been convicted of the three counts of incest he now challenges. (See generally doc. no. 1.)

B.  **DISCUSSION**

1.  **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either

in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94

3

(2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2. Defendants Are Not Legal Entities Subject to Liability in a § 1983 Suit.

As an initial matter, Plaintiff's allegations are insufficient to state a claim against Defendants, which are not subject to liability in a § 1983 suit such as this one. According to Fed. R. Civ. P. 17(b)(3), the "capacity to sue or be sued is determined . . . by the law of the state where the court is located. . . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Ga. Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988) (quotation omitted). Moreover, "[s]heriff's departments and police departments are not usually considered legal entities subject to suit. . . ." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law); see Bunyon v. Burke Cnty., 285 F. Supp. 2d 1310, 1328-29 (S.D. Ga. 2003) (dismissing claim against police department, reasoning it was not legal entity subject to suit). Additionally, offices of district attorneys are not proper entities subject to suit. Newsome v. Smith, CV407-136, 2007 WL 3407547, at *3-4 (S.D. Ga. Nov. 13, 2007). Thus, Plaintiff fails to state a claim against Defendants because they are not legal entities subject to liability in a § 1983 suit.

### 3. Defendants Are Entitled to Eleventh Amendment Immunity.

Plaintiff's allegations are also insufficient to state a claim against Defendants because, "the Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted, citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98–100 (1984)). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 781-82 (1978) (*per curiam*). Given that it is funded by the State, the District Attorney's Office of Burke County qualifies as a state agency. See O.C.G.A. § 15–18–10(a) (establishing that "each district attorney shall receive an annual salary from state funds as prescribed by law"); see also Vierling v. Celebrity Cruises, Inc., 339 F.3d 1309, 1314 (11th Cir. 2003) (noting that, of the three factors weighed in determining whether an entity qualifies as an "arm of the state" for purposes of Eleventh Amendment immunity, the most important is the "source of the entity's funds and responsibility for satisfying judgments"). Additionally, when performing its duty of law enforcement, a sheriff's office is entitled to Eleventh Amendment immunity. Townsend v. Coffee Cnty., Ga., 854 F. Supp. 2d 1345, 1352 (S.D. Ga. 2011) (dismissing § 1983 claims against a sheriff because the he was performing his law-enforcement function and "the state alone . . . has delegated to the sheriff's office the specific duty of law enforcement"). Accordingly, the Eleventh Amendment shields Defendants from liability on Plaintiff's claims against them. See Pugh, 438 U.S. at 781-82. For these reasons, Plaintiff has not stated any viable claims against Defendants.

### 2. Plaintiff's Complaint is Barred Under Heck v. Humphrey.

Lastly, the Court finds that Plaintiff's complaint is also barred under Heck v. Humphrey, in which the Supreme Court held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. 512 U.S. 477, 486-87 (1994); see also Edwards v. Balisok, 520 U.S. 641, 645 (1997) (extending Heck to certain types of due process challenges brought under § 1983). In Heck, the Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. 520 U.S. at 487. In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. Heck, 512 U.S. at 483; see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.")

Here, Plaintiff alleges that he was falsely arrested and incarcerated in connection with a crime that he did not commit. (See doc. no. 1, pp 8-9.) In other words, Plaintiff protests that he is, in fact, innocent of the charges that have been leveled against him. Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Accordingly, Plaintiff's claim is barred under Heck.

Thus, Plaintiff's complaint should be dismissed for failure to state a claim under § 1983.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of March, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE